## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TRAVIS DEESON,

    Petitioner,

v.                                      CASE NO:  8:06-CV-2297-T-30EAJ

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## **ORDER**

Petitioner, (hereinafter "Petitioner" or "Deeson") an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1).  The Court has considered the petition, Respondent's Motion to Dismiss Petition as Time-Barred (Dkt. #4), and Petitioner's reply  (Dkt. #8) thereto, and determines that the petition is time-barred and should be dismissed.

Deeson acknowledges that the procedural background set forth by the Respondent is correct.  He takes issue only with the legal conclusion as to the tolling of the limitations time period.  The procedural history as set forth by the Respondent is as follows:

> On August 16, 2004, Travis Deeson pled guilty to aggravated battery in case no. CF03-3979-XX. Pursuant to his plea terms, Deeson was adjudicated guilty of the offenses to which he pled and sentenced to 15 years prison for aggravated battery.  A concurrent three-year prison terms (sic) was imposed on the remaining count.  Deeson did not timely appeal his plea-based judgments.

>Deeson filed a pro se petition seeking a belated appeal of his plea-based judgments. A commissioner was appointed to address Deeson's claim his counsel was requested to timely appeal. Though gaining an order for a limited probe into his assertion, Deeson took a voluntary dismissal in case no. 2D05-72 of his belated appeal petition on August 12, 2005. Deeson v. State, 908 So. 2d 1066 (Fla. 2nd DCA 2005).
>
>Deeson filed a pro se motion for postconviction relief dated December 15, 2005, under Florida Rule of Criminal Procedure 3.850 in which he claimed his plea was involuntarily entered. By order rendered January 26, 2006, the postconviction court addressed and denied the rule 3.850 motion without an evidentiary hearing. Deeson appealed the summary denial, and on August 30, 2006, the state district court per curiam affirmed without written decision in case no. 2D06-1250. Deeson v. State, 937 So. 2d 130 (Fla. 2nd DCA 2006). The mandate issued September 12, 2006.

(Footnote and tables omitted.)

## SECTION 2254 THRESHOLD

Since Petitioner's judgment was entered after the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his petition is subject to the provisions thereof. AEDPA imposes a one year statute of limitations for filing a §2254 petition which begins to run after one of four events. Chavers v. Fla. Dep't of Corr., 468 F.3d 1273 (11th Cir. 2006). Here, the event which begins Deeson's one year limitations period is the date on which his conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The parties agree that Deeson's judgment became final on September 15, 2004, when his time for taking a direct appeal expired. His one year limitations period expired on September 15, 2005, unless tolled. Once the time period begins, it is tolled for "the time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . ..." 28 U.S.C. §2244(d)(2).

Deeson missed his time to file a direct appeal, but did file a petition to file a belated appeal before his one year limitations period expired.  Because Deeson had several charges pending, the State offered him a "package" deal for a guilty plea.  In return for reduced charges, Deeson agreed to plead guilty and waive his right to appeal the State Court's ruling on his motion to suppress evidence.  Deeson claims he did not understand he was waiving his right to appeal the State Court's ruling on the motion to suppress evidence.  Therefore, he says that his plea was not a knowing and voluntary plea. Challenges to the voluntariness of a plea must be made by the filing of a motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850.  <u>Tolbert v. State</u>, 698 So.2d 1288, 1289 (Fla. 2d DCA 1997).  Deeson did not file his 3.850 motion until December 15, 2005.  By that time, the AEDPA one-year limitation period had already run.  Deeson is therefore time-barred unless his petition seeking permission to file a belated appeal tolls the one-year period.

Put simply, the issue is whether an out-of-time petition to file a belated appeal that is not granted tolled the one year limitation period under AEDPA for the filing of a federal habeas petition.  This issue is addressed by the Eleventh Circuit in <u>Sweet v. Sec., Dep't of Cor.</u>, 467 F.3d 1311 (11th Cir. 2006) with only a slight difference.  In <u>Sweet</u>, the petitioner's state post-conviction 3.850 motion was dismissed as untimely whereas here the post-conviction petition was withdrawn by the Petitioner.

In <u>Sweet</u>, the petitioner's conviction and sentence had been affirmed on direct appeal and he had filed a motion for post-conviction relief in the state trial court. The motion was denied, and the Supreme Court of Florida affirmed on January 31, 2002. While the appeal of the state post-conviction 3.850 motion was pending, Sweet also petitioned the Supreme Court of Florida for writ of habeas corpus. The petition for writ of habeas corpus was denied by the Supreme Court on June 13, 2002. <u>Sweet v. Moore</u>, 822 So. 2d 1269 (Fla. 2002). The Eleventh Circuit accepted June 13, 2002, as the beginning of Sweet's one year limitation period.

On May 8, 2003, Sweet filed a second 3.850 motion for post-conviction relief in the state trial court. The trial court denied the motion as both untimely and facially insufficient. Sweet appealed his second 3.850 motion and that appeal was concluded by the Florida Supreme Court by its Order of December 20, 2004, with the mandate issuing on April 11, 2005. The Eleventh Circuit held that Sweet's second 3.850 motion did not toll the one year limitation period because it had been dismissed as untimely. Therefore, it was not "properly filed" under AEDPA, citing <u>Artuz v. Bennett</u>, 531 U.S. 4, 121 S.Ct. 361 (2000) and <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 125 S.Ct. 1807 (2005).[1]

Here, Deeson's petition for belated appeal was not dismissed, but withdrawn. The reasoning is still the same. The petition was never accepted by the state court for direct

---

[1] The Supreme Court, in dicta, has also indicated that an untimely pleading is not "pending" so as to toll the one year period. See <u>Carey v. Saffold</u>, 536 U.S. 214, 225, 122 S.Ct. 2134, 2141 (2002).

Page 4 of 6

review of the sentencing judgment.[2] Therefore, the petition for belated appeal did not toll the one year limitations period under AEDPA and Deeson's one year period expired on October 16, 2005.

In addition to his petition for belated appeal, Deeson filed a 3.850 motion on December 15, 2005, but, by that time, his one year period had already run. A motion filed after the expiration of the limitations period will not revive the right to bring a petition for federal habeas relief. Moore v. Crosby, 321 F.3d 1377 (11th Cir. 2003).

This analysis of the one year limitation period is supported by a common sense understanding of AEDPA. As the Eleventh Circuit pointed out in Sweet, if an untimely motion or petition were allowed to toll the one year period, "a state prisoner could toll the statue of limitations at will simply by filing untimely state post conviction petitions. This would turn §2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay." Sweet at 1316.

In order to be considered timely, Deeson must rely on equitable tolling, a remedy which is rarely applied. Steed v. Head, 219 F.3d 1298 (11th Cir. 2000). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177

---

[2] A petition for belated appeal is a collateral proceeding to the criminal case, as it does not challenge directly any specific ruling therein. Instead, it challenges events that occur *after* the final order is rendered. Generally, collateral proceedings will not toll the time to file a Rule 3.850 motion. (Holding that the time for filing a Rule 3.850 motion "is not tolled by other collateral proceedings filed in the trial court, even if a corrected sentence is entered") (as cited in Pierce v. State, 875 So .2d 726, 727 n. 1 (Fla. 4th DCA 2004)). Jones v. State, 922 So. 2d 1088, 1090 (Fla. 4th DCA 2006).

F.3d 1269, 1271 (11th Cir. 1999). Deeson was not a victim of extraordinary circumstances beyond his control. He merely filed a petition for belated appeal instead of the appropriate pleading, a Rule 3.850 motion, before the expiration of his one year period. Petitioner's negligence indicates a lack of diligence and does not support equitable tolling. Helton v. Secretary, Dep't of Corr., 259 F.3d 1310 (11th Cir. 2001).

## CONCLUSION

For the reasons set forth above, all of Petitioner's claims are time barred and will be dismissed.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DISMISSED.

2. The Clerk is directed to terminate any pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida on November 17, 2008.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2006\06-cv-2297.deny 2254.wpd*